Spencer, J.
After a verdict for the plaintiff, under an unexceptionable charge from the judge who presided, the court are called upon to set aside this verdict, as against the weight of evidence. There is no imputation of fraud or design either in the captain, Living, or the officers of the bank. But the question is, who produced the mistake ? *338 2 Wasb.' Eep. 245. It is a principle, not controverted,' that where one of two innocent persons must suffer by the act of a third, he who has enabled such third person to occasion the loss must sustain’it. Testing the evidence by this equitable principle, I proceed to examine the conduct of Captain Living; for, if there has been no culpability on bis part, the plaintiff is entitled to recover.
He states, that not haying been called on by the consignees of the money which he had brought from New Orleans, he thought it best to deposit it in the bank; he arrived there after it was closed, and there met with Arnold, by whose directions he went to the rear part of the bank, met with the porter and one of the clerks, to whom he communicated his wishes to deposit the money, and after some conversation it was left in the bank for safe keeping, Captain Living observing that he should come the next morning at the opening of the bank and deposit it. Arnold, it seems, informed the porter of the bank that it was his money, and this claim was twice repeated in the presence of Captain Living. If he had heard this conversation, and remained silent, it would have brought him within the rule of enabling a third person to occasion the loss. But -he says that owing to deafness he did not hear what passed. It has been urged that this infirmity of Captain *Living ought to have rendered him more cir-cumspeet, and, as he must have seen Arnold conversing with the porter, he should have been more explicit, having been warned that Arnold was a dangerous man. It is, we think, not a correct position, that,Living was blamable in not contradicting what he did not hear, and could not have imagined; the infirmity of deafness, instead of being a misfortune, would savor of culpability, and, inasmuch as Living was the bearer of the money, as he never enabled Arnold to occasion the loss, and the omission arose from the officers of the bank in not asking him if this money was Arnold’s, and as the whole merits of the ■ case have been considered by a jury, who have decided in *339 favor of the plaintiff, we do not think it a verdict against the weight of evidence, and therefore refuse the motion for a new trial, (a)
New trial denied.

 Money paid into the hands of a clerk in á bank, who is not the regular receiving clerk, nor at the time acting in aid of such receiving clerk, is not a payment to charge the bank; and if the clerk to whom it has been made abscond with, or embezzle the money, it is the loss of the person wto paid it to him. Manhattan Company v. Lydig, 4 Johns. Rep. 377.